UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BEVERLY BAER,

        Petitioner,

  v.               **DECISION AND ORDER**
                       11-CR-104S
                       12-CV-490S

UNITED STATES OF AMERICA,

        Respondent.

## I. INTRODUCTION

Presently before this Court is the Motion of pro se Petitioner Beverly Baer to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's § 2255 motion is denied.

## II. BACKGROUND

On April 11, 2011, Petitioner appeared before this Court, waived indictment, and pled guilty to a two-count Information charging her with conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine in violation of 18 U.S.C. § 846, as well as possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (See Docket Nos. 11-13.)  The plea agreement signed by Petitioner reflects her understanding that the maximum penalty that could be imposed at sentencing included a forty-year term of imprisonment for the conspiracy charge and a consecutively-imposed lifetime term of imprisonment for the firearms charge.  (Plea Agreement ¶ 1, Docket No. 12.)  Further, as relevant, by entering into the plea agreement

1

Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶11, . . . notwithstanding the manner in which the Court determines the sentence." (Id. ¶ 19.) Petitioner further understood "that by agreeing to not collaterally attack the sentence, she is waiving the right to challenge the sentence in the event that in the future [Petitioner] becomes aware of previously unknown facts or a change in the law which the [Petitioner] believes would justify a decrease in [her] sentence." (Id. ¶ 20.)

Petitioner was sentenced on July 27, 2011 to a term of incarceration of 54 months on the first charge and 60 months on the second charge with those sentences to run consecutively. (Docket Nos. 21, 29.) The sentence, including fines and terms of supervised release, were within the parameters set forth in the plea agreement. No appeal was filed. (Petition ¶ 8, Docket No. 25.) The instant § 2255 motion was filed by Petitioner on May 22, 2012 (Docket No. 25.) Respondent filed an opposing Memorandum of Law with Exhibits A-F. (Docket No. 32.) A reply was submitted by Petitioner on September 25, 2012.[1] (Docket No. 35.)

### III. DISCUSSION

**A.     Petitioner's § 2255 Motion**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the

---

[1] A duplicate of this reply was filed on September 27, 2012. (Docket No. 36.)

2

> ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

The Government argues that Petitioner's § 2255 motion should be dismissed as procedurally barred because Petitioner failed to file a direct appeal raising the issues now asserted, and because she knowingly and voluntarily waived the right to collaterally attack any part of her sentence. (Gov't Mem of Law at 7-15.) As a general rule, a petitioner is precluded from raising claims in a § 2255 motion that could have been, but were not, raised on direct appeal. Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010). An ineffective assistance of counsel claim, however, is "an important exception to the procedural default rule," and may be raised in a § 2255 motion despite the failure to raise such a claim on direct appeal. Yick Man Mui, 614 F.3d at 53-55; see Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003). Here, Petitioner's arguments are almost entirely framed as ineffective assistance of counsel claims and, as such, are appropriately raised in the present motion.

The Government correctly notes that, as part of her plea agreement, Petitioner

"knowingly waive[d] the right to appeal and collaterally attack any component of a sentenced imposed by the Court which falls within or is less than the [agreed] sentencing range." (Plea Agreement ¶ 19.)  It is by now well established that a knowing and voluntary waiver made as part of a plea agreement is generally enforceable. United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001).  "An enforceable waiver bars claims based on grounds that arose after, as well as before the [plea] agreement was signed."  Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005).  Here, Petitioner's sentence, including the consecutively imposed terms of imprisonment, fell below the possible maximum sentence of lifetime imprisonment, rendering the waiver enforceable. Her request for a downward modification of her sentence is therefore precluded. (Petition at 17.)

"However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002), *cert denied*, 537 U.S. 1146 (2003).  In challenging counsel's effectiveness in connection with the plea agreement itself, a petitioner is challenging the constitutionality of the process by which she waived her right to collaterally attack the sentence. Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008), *cert denied*, 555 U.S. 1197 (2009). Specifically, "although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."  Parisi, 529 F.3d at 138-39.

Accordingly, this Court must consider whether Petitioner states "a 'meritorious' claim

4

that 'the waiver was the result of ineffective assistance of counsel.' " Brown v. United States, 637 F. Supp. 2d 212, 217 (S.D.N.Y. 2009) (quoting United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)). Where, as here, a defendant's conviction has been secured by way of a plea agreement, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that this deficiency in performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that a trial counsel's conduct falls within the range of reasonable professional assistance and, absent the complete lack of tactical justification, courts will generally not second-guess strategic decisions. United States v. Cohen, 427 F.3d 164, 170-71 (2d Cir. 2005).

Here, Petitioner alleges that counsel: (1) rushed her into a decision without explaining the risks and benefits of the plea agreement; (2) failed to obtain for her a more favorable agreement by, among other things, negotiating for a lower sentence in exchange for her substantial assistance; (3) held her "mental hostage due to [her] lack of understanding of the plea agreement and lack of comprehension due to her neurological mental issues," (4) had a conflict of interest arising out of his representation of Petitioner's associates in the Chosen Few Motorcycle Club; (5) failed to effectively advocate on her behalf at sentencing by arguing, among other things, that she was entitled to a 'safety valve' reduction; (6) failed to move to suppress evidence obtained during the search of her home; (7) failed to argue that the guns in the home were for protection and were a sentimental gift for her son; and (8) failed to object on the ground that a mandatory

5

minimum sentence was unconstitutional. (Petition at 5-10, 14-17.)

Construing her pro se arguments liberally, as this Court must, Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. Jan. 26, 1999) (per curiam), only a few of those claims are directed at the plea agreement process itself, as opposed to counsel's conduct in shaping the bargaining process. Parisi, 529 F.3d at 138-39. Initially, her arguments that counsel did not explain the plea agreement or that he failed to account for her mental capacity are belied by the record. During the plea colloquy, Petitioner answered that she had discussed the plea agreement with her attorney, listened to counsel's advice and considered it in reaching a decision on the plea agreement, and that she was comfortable with her understanding of the documents associated with the plea agreement. (Plea Hrg. Tr. at 7-8, Docket No. 28.) Petitioner answered, "Yes, I am," when asked if she was satisfied with her attorney. (Id. at 7.) In the absence of any indication in her petition as to what aspect of the plea agreement she now asserts was unclear or how, if explained differently, Petitioner's decision to plead guilty would have been affected, the record fails to support the conclusion that Petitioner's waiver of the right to collaterally attack her sentence was obtained as a result of the ineffective assistance of counsel. See Hernandez, 242 F.3d at 114 (ineffective assistance argument fails where a petitioner's factual assertions "simply contradict his sworn statements at the plea allocution"); Brown v. United States, 637 F. Supp. 2d 212, 223 (S.D.N.Y. 2009) (ineffective assistance claim without merit where it is contradicted by the record); see also United States v. Manzo-Andrade, 205 F.3d 1326, 2000 WL 232040, *1 (2d Cir. 2000) (summary order).

Further, Petitioner's alleged mental impairments, which she now asserts include depression, anxiety, memory loss, and "vague comprehension," were addressed during the

plea colloquy. (Plea Hrg. Tr. at 11-12). In response to the Court's questions, Petitioner stated that she was under medication for anxiety and depression, but answered "no" when the Court inquired as to whether this affected her ability to understand the current proceeding or the related documents. (Id.) Although the Court had already questioned Petitioner as to her understanding of the plea agreement, upon hearing that Petitioner was on medication for depression and anxiety, the Court conducted a more thorough inquiry into Petitioner's understanding of the proceedings. (Id. at 11-13.) Petitioner answered "No" when asked whether her medication would impact her ability to move forward that day. (Id. at 12.) She also denied undergoing mental health treatment in the year prior to the plea colloquy, an assertion subsequently confirmed in her presentence report. (Docket No. 23 at 15-16 (under seal).) In light of this, although Petitioner's medical records confirmed that, as she asserts in her petition, she was treated subsequent to the plea hearing for a B-12 deficiency associated with short term memory loss, there is nothing in the record that supports the conclusion that she was adversely affected at the time she pled guilty, nor does she claim as much in her present petition. Instead her argument focuses on the failure of counsel to provide these medical records to the Court. Because the records for treatment *subsequent* to the plea colloquy could not have been provided at that time, and because they were in fact considered by the Court prior to sentencing, Petitioner's argument is without merit. Hernandez, 242 F.3d at 114.

Petitioner further argues that counsel had a conflict of interest based on his presumably concurrent representation of Petitioner's "associates" in the Chosen Few Motorcycle Club that "affected [the] plea offer." (Petition at 6.) "The right to the effective assistance of counsel also includes the right to be represented by an attorney who is free

from conflicts of interest." United States v. Perez, 325 F.3d 115, 125 (2d Cir. 2003). "The right may be violated if the attorney has (1) a potential conflict of interest that resulted in prejudice to the defendant, or (2) an actual conflict of interest that adversely affected the attorney's performance." United States v. Blount, 291 F.3d 201, 211 (2d Cir. 2002) (internal quotation marks omitted).

> [W]here a defendant's ineffective assistance of counsel claim is based on an alleged conflict of interest, a defendant is entitled to a presumption of prejudice if he can demonstrate that his attorney labored under an actual conflict of interest and that the actual conflict of interest adversely affected his lawyer's performance.

United States v. Davis, 239 F.3d 283, 286 (2d Cir. 2001) (internal quotation marks omitted). Here, Petitioner alleges that counsel was able to obtain dismissal of the charges against other club members, causing the "bulk of [the] charges to shift to [her]." (Petition at 6.) Initially, it does not appear from Petitioner's allegations, or even the Government's concession that counsel did in fact represent other Chosen Few members in a then pending action, that the charges against Petitioner and those against the other members were related. (Petition at 6; Gov't Mem of Law at 19.) "[D]ual representation, standing alone, does not suffice to demonstrate actual conflict," United States v. Blau, 159 F.3d 68, 75 (2d Cir. 1998), and Petitioner's allegations do not establish that the interests of counsel's Chosen Few clients were antagonistic to her own. Blount, 291 F.3d 201, 211. Indeed, Petitioner asserts that the shift in focus to her was the result of "the failed efforts of the prosecutors," not because defense counsel somehow affirmatively acted to gain an advantage for his other clients at Petitioner's expense. Petitioner was also aware of her attorney's representation of other Chosen Few members prior to plea negotiations, having sought his counsel based on that fact. (Petition at 6.) Petitioner's allegations therefore do

8

not support the conclusion that she was prejudiced by a potential conflict or that counsel's performance was adversely affected by an actual conflict. Davis, 239 F.3d at 286.

With respect to Petitioner's remaining arguments, her assertions that counsel failed to obtain for her a more favorable agreement, move to suppress evidence, or argue that the guns in the home were for an innocuous use speak to counsel's "role in shaping the defendant's bargaining position" prior to the plea agreement, and thus cannot avoid the waiver because these arguments do not attack the validity of the plea process itself. Parisi, 529 F.3d at 138-39. Similarly, counsel's alleged deficiencies at sentencing are also barred by Petitioner's knowing and voluntary waiver of the right to collaterally attack the sentence. Hernandez, 242 F.3d at 114; United States v. Cano, 494 F. Supp. 2d 243, 248-49 (S.D.N.Y. 2007). Indeed, if courts "were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998); Cano, 494 F. Supp. 2d at 249.

## B.     Certificate of Appealability

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied*, 538 U.S. 950 (2003). Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct her Sentence is denied. If Petitioner wishes to appeal, she must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct her Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 25) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 12-CV-490S.

SO ORDERED.

Dated: May 21, 2013
     Buffalo, New York

                                  /s/William M. Skretny
                                  WILLIAM M. SKRETNY
                                      Chief Judge
                               United States District Judge